**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Johnnie Williams, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-cv-1118-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lance Corporal Kyle Strickland and | ) | |
| Sergeant Walter Criddle, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' objection to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 113 & 110). The Magistrate Judge recommends that Defendants' motion for summary judgment be granted as to Defendant Walter Criddle, and denied as to Defendant Kyle Strickland. The Magistrate Judge also recommends that the Court deny Plaintiff Johnnie Williams' motion for summary judgment. For the reasons stated herein, the Court overrules the objection and adopts the Magistrate Judge's recommendations.

**BACKGROUND**

This 42 U.S.C. § 1983 action is based on Williams' allegations that officers from the Beaufort County Sheriff's Office used excessive force against him when they arrested him on June 29, 2012. According to Williams' verified amended complaint, he and his son were in Beaufort to attend a family event at Williams' mother's home. While Williams was stopped at a gas station, Anthony Ancrum asked Williams for a ride to his sister's apartment, and Williams agreed. Ancrum got in the back seat because Williams' son was in the front seat. Williams states that he was doing his friend a favor by giving him a ride home, and he ended up shot in his

back. Williams claims that Strickland and Criddle were the two officers that fired their weapons into his car, hitting him in the back. He also claims that it was Strickland's bullet that hit him in the back. Williams believes that the officers were there to ambush him.

Defendants allege the following additional details in support of their motion. According to them, officers Strickland, Criddle, and Heroux[1] were assigned to a drug task force and were working on June 29, 2012. Around 9:00 PM, Heroux saw Williams' car and ran the tag through Beaufort County Dispatch. He learned that the tag had been stolen, and was told to stop Williams' car. When Williams turned into the Canal Apartments where Ancrum lived, Heroux activated his blue lights and siren. Williams initially stopped, and then drove toward the rear of the apartment complex. Williams then stopped the car in a parking space and Heroux got out of his car and approached the driver's door. Strickland and Criddle arrived at the scene and also got out of their vehicle. When Heroux was ten feet away from Williams' car, the driver looked at Heroux, turned the wheels to the right, and quickly reversed his car, causing the front end of the Cadillac to violently whip around in Heroux's direction. Heroux backed up toward his car and claims that he believed Williams was trying to kill him with his car. Heroux drew his duty weapon and started to approach Williams' car, and saw that Strickland was walking up to the car as well. Williams then swerved towards Heroux, straightened out the car, and then accelerated toward Strickland. Heroux claims to have believed Strickland's life was in danger and fired three or four times at Williams. Strickland also fired three or four shots, allegedly into the front windshield. Criddle never fired his duty weapon.

After the shooting was over, Williams' car crashed into a small tree and the engine stopped. The officers approached the vehicle and saw that Williams and Ancrum had been shot.

---

1. As noted by the Magistrate Judge, Heroux was not named in Williams' amended complaint and was therefore terminated as a party to this action.

The officers handcuffed Williams and Ancrum, and Williams asked them why they had shot him. Heroux responded, saying that Williams had tried to kill him by running him over. While Williams claimed not to have tried to run Heroux over, Ancrum stated, "Yeah you did!" (Defs.' Mot. Summ. J., Heroux Aff., ECF No. 57-3, at ¶ 38.) The South Carolina Law Enforcement Division ("SLED") took Heroux's and Strickland's duty weapons at the scene, and Williams and Ancrum were transported to the hospital.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Strickland objects to the portion of the R & R in which the Magistrate Judge recommends that their motion for summary judgment be denied as it pertains to him.[2] He specifically objects to the Magistrate Judge's conclusion that there are genuine issues of material fact that preclude summary judgment. In his objection, Strickland offers new evidence that was apparently unavailable at the time they filed their motion: a SLED report stating that SLED was unable to determine whether the bullet extracted from Williams was fired by Strickland. The SLED report contrasts with the position both Williams and Defendants took when briefing their respective motions for summary judgment. In those briefs, the parties seemed to agree that Strickland fired the shot that hit Williams. Magistrate Judge Baker partially based her recommendation that the Court deny Defendants' motion for summary judgment as to Strickland on the inconsistency between the medical evidence—that Williams and Ancrum were shot in the back—and Defendants' statement that it was Strickland's bullet, fired through the front windshield, that hit Williams. The distinction matters because the Fourth Circuit has held that after the threat of immediate harm has passed, an officer may not use deadly force to apprehend a suspect. *Waterman v. Batton*, 393 F.3d 471, 482 (4th Cir. 2005).

Although the new report casts doubt on whether it was Strickland or Heroux that fired the bullet that struck Williams, that doubt does not eliminate the genuine issues of material fact. SLED's report, though relevant, does not conclusively show that Strickland was not the person who shot Williams. In fact, according to the SLED report, it is impossible to determine which officer's bullet struck Williams. Thus, the SLED report does not confirm Strickland's initial

---

2. Neither side has filed objections to the remainder of the R & R. The Court has reviewed it for clear error and finds none.

assertion that he shot Williams through the front windshield. Instead, there is still an unresolved question of fact as to who shot Williams, and from where. Accordingly, the Court agrees with the Magistrate Judge that there are genuine issues of material fact surrounding the circumstances of the shooting that preclude summary judgment in favor of Strickland.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Defendants' objection to the R & R is **OVERRULED**. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that Defendants' motion for summary judgment be **GRANTED** as to Criddle and **DENIED** as to Strickland. The Court further **ADOPTS** the Magistrate Judge's recommendation that Williams' motion for summary judgment be **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 10, 2017**
**Charleston, South Carolina**